UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS LOPEZ, a/k/a NERI LOPEZ,
WILLIAM RAMONES, and JORGE MOLINA,
on behalf of themselves and others similarly situated          Case No.: 1-21-cv-08806-ER

        Plaintiffs,

    -against-                                                                  **<u>ANSWER</u>**
                                                             **<u>WITH COUNTERCLAIMS</u>**

P E C GROUP LTD, d/b/a PEPOLINO RISTORANTE
ITALIANO (a/k/a PEPOLINO), PATRIZIO SIDDU,
and ENZO PEZONE,

        Defendants.
------------------------------------------------------------------X

       Defendants P.E.C. GROUP LTD., d/b/a PEPOLINO RISTORANTE ITALIANO (a/k/a

PEPOLINO) ("Pepolino"), PATRIZIO SIDDU, and ENZO PEZONE (collectively,

"Defendants"), by and through their attorneys, McLaughlin & Stern, LLP, hereby answer

Plaintiffs' Complaint dated October 28, 2021 ("Complaint") as follows:

       1.     Paragraph 1 of the Complaint purports to set forth one or more legal conclusions

and appears to contain no allegations to which a responsive pleading is required.

       2.     Paragraph 2 the Complaint purports to set forth one or more legal conclusions and

appears to contain no allegations to which a responsive pleading is required.

       3.     Paragraph 3 of the Complaint contains no allegations to which a responsive

pleading is required.

       4.     Defendants DENY the allegations in Paragraph 4 of the Complaint, but aver that

Pepolino is a New York business corporation.

       5.     Defendants ADMIT the allegations in Paragraph 5 of the Complaint.

       6.     Defendants ADMIT the allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required.

8.      Paragraph 8 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required.

9.      Paragraph 9 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required.

10.     Paragraph 10 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required.

11.     Paragraph 11 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required.

12.     Paragraph 12 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required.

13.     Paragraph 13 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required.

14.     Paragraph 14 of the Complaint contains no allegations to which a responsive pleading is required.

15.     Defendant ADMITS that Carlos Lopez was employed by Pepolino from approximately 2006 until May 2021 when he was terminated for stealing from Pepolino, but DENIES all remaining allegations in Paragraph 15 of the Complaint.

16.     Defendant ADMITS that William Ramones was employed by Pepolino from approximately April 2017 until April 2018, but DENIES all remaining allegations in Paragraph 16 of the Complaint.

17.     Defendant ADMITS that Jorge Molina was employed by Pepolino from approximately July 2017 to April 2018, but DENIES all remaining allegations in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains no allegations to which a responsive pleading is required.

19.     Paragraph 19 purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants DENY the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 purports to describe the nature of the action and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants DENY the allegations in Paragraph 23 of the Complaint.

24.     Defendants DENY the allegations in Paragraph 24 of the Complaint.

25.     Defendants DENY the allegations in Paragraph 25 of the Complaint.

26.     Defendants DENY the allegations in Paragraph 26 of the Complaint.

27.     Defendants DENY the allegations in Paragraph 27 of the Complaint.

28.      Paragraph 28 of the Complaint appears to contain no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 28 of the Complaint.

29.      Defendants DENY the allegations in Paragraph 29 of the Complaint.

30.      Paragraph 30 of the Complaint contains no allegations to which a responsive pleading is required.

31.      Paragraph 31 of the Complaint appears to contain no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 31 of the Complaint.

32.      Defendants DENY the allegations in Paragraph 32 of the Complaint.

33.      Defendants DENY the allegations in Paragraph 33 of the Complaint.

34.      Defendants DENY the allegations in Paragraph 34 of the Complaint.

35.      Defendants DENY the allegations in Paragraph 35 of the Complaint.

36.      Defendants ADMIT that dinner shifts generally commenced at approximately 4:00 p.m. and concluded at approximately 11 p.m., but DENIES any remaining allegations contained in Paragraph 36 of the Complaint.

37.      Defendants DENY the allegations in Paragraph 37 of the Complaint.

38.      Defendants DENY the allegations in Paragraph 38 of the Complaint.

39.      Defendants ADMIT that Plaintiffs were paid bi-weekly, and DENY any remaining allegations in Paragraph 39 of the Complaint, including any allegations pertaining to a "Class" or "Class members" because there is no "Class" and class treatment is inappropriate.

40.     Defendants DENY the allegations in Paragraph 40 of the Complaint.

41.     Defendants ADMIT that Plaintiffs were paid the appropriate minimum wage throughout their employment, and DENY any allegations pertaining to a "Class" or "Class members" because there is no "Class" and class treatment is inappropriate.

42.     Defendants DENY the allegations in Paragraph 42 of the Complaint.

43.     Defendants DENY the allegations in Paragraph 43 of the Complaint.

44.     Defendants DENY the allegations in Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint appears to contain no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants ADMIT that Pepolino opens for service at 12:00 p.m., but DENIES the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendants DENY the allegations contained in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint appears to contain no allegations to which a responsive pleading is required.  To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants ADMIT that dinner service typically commences at 5:00 p.m., but DENIES the remaining allegations in Paragraph 49 of the Complaint.

50.     Defendants DENY the allegations in Paragraph 50 of the Complaint.

51.     Defendants DENY the allegations in Paragraph 51 of the Complaint.

52.     Defendants DENY the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants refer the Court to the operative provisions of the New York State minimum wage law for the minimum wage in effect in 2017.

54.     Paragraph 54 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants refer the Court to the operative provisions of the New York State minimum wage law.

55.     Defendants DENY the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants DENY the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants DENY the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants DENY the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants DENY the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants DENY the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants DENY the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants DENY the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants DENY the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants DENY the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants DENY the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants ADMIT that Plaintiffs were informed that credit card tips would be reduced by a credit card processing fee, but otherwise DENY the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants ADMIT that Plaintiffs were informed that credit card tips would be reduced by a credit card processing fee, but otherwise DENY the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants DENY the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants DENY the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants DENY the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants DENY the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants DENY the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants DENY the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants DENY the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants ADMIT the allegations in Paragraph 75 of the Complaint.

76.     Defendants DENY the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants DENY the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants DENY the allegations contained in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint appears to contain no allegations to which a responsive pleading is required.

80.     Defendants DENY the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants DENY the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants DENY the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants DENY the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants DENY the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants DENY the allegations contained in Paragraph 85 of the Complaint.

86.     Inasmuch as paragraph 86 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 86 contains no allegations to which a responsive pleading is required.

87.     Defendants DENY the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants DENY the allegations contained in Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint purports to describe the relief Plaintiffs seek and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that this paragraph may be read as setting forth allegations to which a response is required, Defendants DENY the allegations contained in Paragraph 89 of the Complaint.

90.     Inasmuch as paragraph 90 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 90 contains no allegations to which a responsive pleading is required.

91.     Defendants DENY the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants DENY the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants DENY the allegations contained in Paragraph 93 of the Complaint.

94.     Inasmuch as paragraph 94 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully

set forth herein, and note that Paragraph 94 contains no allegations to which a responsive pleading is required.

95.    Paragraph 95 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

96.    Defendants DENY the allegations contained in Paragraph 96 of the Complaint.

97.    Defendants DENY the allegations contained in Paragraph 97 of the Complaint.

98.    Inasmuch as paragraph 98 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 98 contains no allegations to which a responsive pleading is required.

99.    Defendants DENY the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants DENY the allegations contained in Paragraph 100 of the Complaint.

101.    Inasmuch as paragraph 101 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 101 contains no allegations to which a responsive pleading is required.

102.    Defendants DENY the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants DENY the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants DENY the allegations contained in Paragraph 104 of the Complaint.

105.    Inasmuch as paragraph 105 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and

incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 105 contains no allegations to which a responsive pleading is required.

106.    Defendants DENY the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants DENY the allegations contained in Paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

109.    Paragraph 109 of the Complaint sets forth legal conclusions to which no responsive pleading is required.

110.    Defendants ADMIT that Plaintiffs were paid on a bi-weekly basis, and DENY the remaining allegations in Paragraph 110 of the Complaint.

111.    Defendants ADMIT that Plaintiffs were paid on a bi-weekly basis, and DENY the remaining allegations in Paragraph 111 of the Complaint.

112.    Defendants DENY the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants DENY the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants DENY the allegations contained in Paragraph 114 of the Complaint.

115.    Inasmuch as paragraph 115 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 115 contains no allegations to which a responsive pleading is required.

116.    Defendants DENY the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants DENY the allegations contained in Paragraph 117 of the Complaint.

118.    Defendants DENY the allegations contained in Paragraph 118 of the Complaint.

119.    Defendants DENY the allegations contained in Paragraph 119 of the Complaint.

120.    Inasmuch as paragraph 120 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 120 contains no allegations to which a responsive pleading is required.

121.    Defendants DENY the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants DENY the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants DENY the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants DENY the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants DENY the allegations contained in Paragraph 125 of the Complaint.

126.    Inasmuch as paragraph 126 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 126 contains no allegations to which a responsive pleading is required.

127.    Defendants DENY the allegations contained in Paragraph 127 of the Complaint.

128.    Defendants DENY the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants DENY the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants DENY the allegations contained in Paragraph 130 of the Complaint.

131.    Inasmuch as paragraph 131 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and

incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 131 contains no allegations to which a responsive pleading is required.

132.    Defendants DENY the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants DENY the allegations contained in Paragraph 133 of the Complaint.

134.    Defendants DENY the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants DENY the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants DENY the allegations contained in Paragraph 136 of the Complaint.

137.    Inasmuch as paragraph 137 of the Complaint purports to reallege and incorporate by reference the allegations set forth in "all preceding paragraphs", Defendants replead and incorporate by reference their answers to all preceding paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 137 contains no allegations to which a responsive pleading is required.

138.    Defendants DENY the allegations contained in Paragraph 138 of the Complaint.

139.    Defendants DENY the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants DENY the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants DENY the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants DENY the allegations contained in Paragraph 142 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

143.    The Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against any defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

144.     Defendants had and have no intention to violate any provision of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations. Therefore, Defendants did not and are not willfully violating the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

145.     The Plaintiffs and the purported class members were exempt for all or part of their respective employment from the overtime and/or minimum wage pay requirements of the Fair Labor Standards Act, the New York Labor Law, and any other New York labor regulations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

146.     Defendants have acted in a good faith belief that they are and were complying with all applicable provisions of the Fair Labor Standards Act, the New York Labor Law, and any other New York labor regulations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

147.     Plaintiffs' claims and those of the purported class members are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

148.     Plaintiffs lack standing to sue on behalf of the purported members of the class action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

149.     The allegations in the Complaint do not satisfy the requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

150.    Defendants PATRIZIO SIDDU and ENZO PEZONE are not employers within the meaning of the Fair Labor Standards Act, the New York Labor Law, or any other New York labor regulations, and thus, are not personally liable for any wages purported owed to the Plaintiffs and/or purported class members.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

151.    To the extent that the Plaintiffs' claims, or those of the purported class members, under New York law accrued outside of New York State and are pursued by a nonresident of New York, the provisions of CPLR § 202 would govern and the shorter limitations period would be applicable to any such claims.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

152.    To the extent that Plaintiffs or any purported class member performed work for which they were not compensated, Defendants had no knowledge of such work.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

153.    To the extent that Plaintiffs or any purported class member performed work for which they were not compensated, such work was *de minimis*.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

154.    To the extent that Plaintiffs or any purported class member performed work for which they were not compensated, such work is noncompensable preliminary and/or postliminary work under the Fair Labor Standards Act or applicable state law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

155.    The Complaint seeks payment for hours, in whole or in part, that are not compensable "work time" within the meaning of the Fair Labor Standards Act or applicable state law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

156.    To the extent that Plaintiffs or any purported class member is entitled to damages under the Fair Labor Standards Act, the Defendants are entitled to certain credits and/or offsets against such damages as authorized by the Fair Labor Standards Act and applicable state law.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

157.    Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

## COUNTERCLAIMS

### FACTS COMMON TO ALL COUNTERCLAIMS

158.    Plaintiff Carlos Lopez ("Lopez") was employed by Pepolino as a waiter from approximately 2006 until May 2021.

159.    In or around early May 2021, Defendants learned that Lopez, along with other employees of Pepolino, were engaged in a scheme to steal money from Pepolino.

160.    More specifically, Lopez and others would deliberately leave "open" certain checks from customers of Pepolino who paid in cash, and thereafter "move" items from that "open" check to another existing customer bill, thereafter void the items that were moved, and pocket the cash for those voided items.

161.    Lopez knowingly and deliberately stole money rightfully belonging to Pepolino.

162.    When Defendants confronted Lopez after learning of this scheme, Lopez admitted that he was stealing from the restaurant.

163.    Upon information and belief, Lopez stole thousands of dollars from Pepolino.

164.    Defendants rightfully terminated Lopez's employment as a result.

165.    In the days immediately following Lopez's termination, he sent a text message to Defendant Enzo Pezone thanking him for the opportunity to work at Pepolino.

166.    Specifically, Lopez's text message to Enzo Pezone stated, in pertinent part, "I'm just writing to thank you for all these years that gave me work and I'm especially grate-ful to you because I learned a lot with you . . . ."

### AS AND FOR A FIRST COUNTERCLAIM
#### (Conversion)

167.    Defendants repeat and re-allege paragraphs "157" through "166" as though fully set forth herein at length.

168.    Lopez intentionally interfered with and stole money rightfully belonging to Pepolino.

169.    Lopez exercised dominion and control over the money rightfully belonging to Pepolino in derogation of Pepolino's rights.

170.    By virtue of Lopez's intentional interference with and exercise of dominion and control over funds rightfully belonging to Pepolino, the restaurant was deprived use of such funds.

171.    Accordingly, Pepolino has been injured in an amount to be determined at trial.

### AS AND FOR A SECOND COUNTERCLAIM
#### (Money Had and Received)

172.    Defendants repeat and re-allege paragraphs "157" through "171" as though fully set forth herein at length.

173.    Lopez received money that rightfully belongs to Defendants.

174.    Lopez has benefited from the receipt of these funds.

175.   Under principles of equity and good conscience, Lopez should not be allowed to retain the funds he has stolen from Pepolino.

176.   Accordingly, Pepolino has been injured in an amount to be determined at trial.

### AS AND FOR A THIRD COUNTERCLAIM
**(Unjust Enrichment)**

177.   Defendants repeat and re-allege paragraphs "157" through "176" as though fully set forth herein at length.

178.   Lopez and Pepolino had a direct relationship as Lopez was hired by Pepolino as a waiter.

179.   Lopez was enriched at Pepolino's expense as a result of the money Lopez deliberately stole from Pepolino.

180.   It is against equity and good conscience to permit Lopez to retain the benefits of his wrongdoing.

181.   Accordingly, Pepolino has been injured in an amount to be determined at trial.

### RESERVATION OF RIGHTS

182.   Defendants reserve the right to amend their Answer and/or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE**, Defendants deny that Plaintiffs are entitled to judgment or other relief of any kind and pray for judgment as follows:

1.   That the Court enter a judgment dismissing Plaintiffs' Complaint in its entirety and with prejudice;

2.   That judgment be entered in favor of Defendants and against Plaintiffs on each of Defendants' counterclaims, awarding Defendants their costs, disbursements, and reasonable attorneys' fees and expenses incurred in connection with this action; and

3.     That Defendants be awarded such other and further relief as the Court may deem

proper.

Dated: New York, New York
       January 3, 2022

                                   McLAUGHLIN & STERN, LLP

                                     By: */s/ Jason S. Giaimo*
                                            Jason S. Giaimo
                                            Steven Kaplan
                                   260 Madison Avenue
                                   New York, NY 10016
                                   (212) 448-1100
                                   jgiaimo@mclaughlinstern.com
                                   skaplan@mclaughlinstern.com

                                   *Attorneys for Defendants*