UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CARLOS LOPEZ, a/k/a NERI LOPEZ,
WILLIAM RAMONES, and JORGE MOLINA,
on behalf of themselves and others similarly situated    Case No.: 1-21-cv-08806-ER

      Plaintiffs,

  -against-

P E C GROUP LTD, d/b/a PEPOLINO RISTORANTE
ITALIANO (a/k/a PEPOLINO), PATRIZIO SIDDU,
and ENZO PEZONE,

      Defendants.
----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO AMEND THEIR ANSWER**


 

**McLAUGHLIN & STERN, LLP**
Jason S. Giaimo
Steven Kaplan
260 Madison Avenue
New York, New York 10016
(212) 448-1000
*Attorneys for Defendants*

Defendants PEC Group Ltd., d/b/a Pepolino Ristorante Italiano (a/k/a Pepolino), Patrizio Siddu, and Enzo Pezone (collectively, "Defendants"), respectfully submit this memorandum of law in support of their Motion for Leave to Amend Their Answer to Plaintiff's Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

Defendants seek leave to amend their Answer solely to include an additional affirmative defense concerning claims under the New York Labor Law ("NYLL") which are at issue.[2] More specifically, Defendants seek leave to add as an additional affirmative defense that Plaintiffs and all other employees of Pepolino received timely payment of all wages due, and have always made an amount equal to or above the minimum wage. This affirmative defense is being asserted pursuant to New York Labor Law § 198 and applicable case law, including *Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 54 Misc.3d 1220(A) (Sup. Ct. New York Cty. 2017), *aff'd sub nom. Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 160 A.D.3d 555 (1st Dep't 2018); *Hicks v. T.L. Cannon Mgmt. Corp.*, 2018 WL 2440732, at *8 (W.D.N.Y. Mar. 13, 2018); *Marin v. Apple-Metro, Inc.*, 2020 WL 6157011, at *7-8 (E.D.N.Y. Oct. 21, 2020). As determined by the New York Appellate Division, First Department, in *Ahmed*, and has been applied in this Circuit as well, an employer will not be liable for failure to provide the requisite wage notice and tip credit notice when the employees were always paid an amount equal to or above the minimum wage throughout

---

[1] Defendants' Answer was filed on January 3, 2022 (Dkt. No. 7). Defendants' proposed Amended Answer reflecting Defendants' proposed edits in redline is attached as **Exhibit 1** to the Declaration of Jason S. Giaimo, Esq. ("Giaimo Dec.") being filed contemporaneously herewith. A "clean" copy of Defendants' proposed Amended Answer is attached as **Exhibit 2** to the Giaimo Dec.

[2] On March 29, 2022, Defendants' counsel provided Plaintiffs' counsel with a copy of Defendants' proposed Amended Answer and sought Plaintiffs' consent to the filing of the Amended Answer. To date, however, Plaintiffs' counsel has not responded. A true and correct copy of this email is attached to the Giaimo Dec. as **Exhibit 3**.

their employment.[3]  *See Ahmed*, 160 A.D.3d at 556; *see also Hicks*, 2018 WL 2440732 at *8; *Marin*, 2020 WL 6157011 at *7-8.

At this early stage of the proceedings, when discovery has only just commenced, there will be no prejudice to Plaintiffs if Defendants are permitted to amend their Answer.  Indeed, Defendants have always maintained that Plaintiffs have made the minimum wage or more during their employment with Pepolino.  The payroll records of the named Plaintiffs produced in discovery demonstrate as such.  Undoubtedly, if the proposed amendment is granted, Plaintiffs will not have to spend additional resources in discovery or at trial and the amendment will not result in any delay of the proceedings.  Additionally, the proposed amendment is not futile as it is based on the NYLL and applicable case law.  Indeed, in an another action in this District asserting similar claims to those at issue here, Judge Woods granted a nearly identical motion made by the defendants-employers to amend their answer to assert this very affirmative defense.  *See Zivkovic v. Laura Christy LLC, et al.*, 1:17-cv-00553-GHW (Dkt. No. 100) (granting the defendants' motion to amend their answer to assert an affirmative defense under New York Labor Law § 198).[4]  Based on the foregoing, Defendants respectfully request that the Court grant them leave to amend their Answer.

## **STANDARD ON THIS MOTION**

Pursuant to Rule 15(a)(2), a party may amend its pleadings with leave of court, which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).  Pursuant to the seminal standard set forth by the United States Supreme Court in *Forman v. Davis*, 371 U.S. 178, 182 (1962):

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[3]  Defendants do not concede that they failed to provide appropriate wage and tip credit notices.
[4]  Counsel for Plaintiffs is also counsel of record in the *Zivkovic* matter.

by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*See also Daniels v. Loizzo*, 174 F.R.D. 295, 297 (S.D.N.Y. 1997) ("Under the liberal mandate of Rule 15(a), a motion to amend should be denied only for such reasons as prejudice, bad faith and futility."). Rule 15(a) does not set a time period during which a party may seek leave to amend a pleading and "if the underlying facts and circumstances upon which the moving party relies support the claim or defense sought to be added, the party should generally be allowed to test that claim or defense on the merits." *Gurniack v. Emilsen*, 995 F. Supp. 2d 262, 267 (S.D.N.Y. 2014).

## ARGUMENT

### I. THERE WILL BE NO PREJUDICE TO PLAINTIFFS IF THE MOTION IS GRANTED

There will be no prejudice to Plaintiffs if Defendants' motion for leave to amend is granted, let alone undue prejudice that might otherwise warrant denial of leave to amend. In assessing prejudice, courts consider whether the amendment would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly prolong the resolution of the action; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *See Daniels*, 174 F.R.D. at 298 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 360 (2d Cir. 1993)).

Defendants' proposed amendment would not require Plaintiffs to expend "significant additional resources to conduct discovery and prepare for trial" as discovery has only just commenced and Defendants have maintained since the inception of the action that Plaintiffs always made more than the minimum wage. As such, Defendants' proposed additional affirmative defense should come as no surprise to Plaintiffs and would not require Plaintiffs to expend any additional resources, let alone "significant" additional resources. *See Daniels*, 174 F.R.D. at 298

3

(holding that plaintiff's proposed amendment would not prejudice the defendant despite waiting nine years to submit the proposed amendment); *see also Krachow v. Dr. Jack Kern Profit Sharing Plan*, 202 WL 31409362, at *5 (E.D.N.Y. May 29, 2002).  Additionally, Defendants' proposed amendment would neither prolong the resolution of the action, as discovery has only just commenced and depositions have not yet even been scheduled, nor would it prevent Plaintiffs from bringing a timely action in another jurisdiction.  The proposed Amended Answer would simply conform the pleadings and defenses asserted to the evidence being produced in this proceeding.  Accordingly, because there would be no prejudice to Plaintiffs if Defendants' motion were granted (*see Zivkovic*, 1:17-cv-00553-GHW (Dkt. No. 100)), it is respectfully submitted that leave to amend should be granted.

**II.     DEFENDANTS' PROPOSED AMENDMENT WOULD NOT BE FUTILE**

To determine if an amendment is futile, courts generally analyze whether the proposed amended pleading would withstand a motion to dismiss.  *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016).  Here, Defendants' proposed amendment to add an affirmative defense based upon the NYLL and applicable case law is not futile. Defendants' proposed amendment is a valid and established affirmative defense to Plaintiffs' claims of technical violations pursuant to NYLL.  *See Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 54 Misc.3d 1220(A) (Sup. Ct. New York Cty. 2017), *aff'd sub nom. Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 160 A.D.3d 555 (1st Dep't 2018); *Hicks v. T.L. Cannon Mgmt. Corp.*, 2018 WL 2440732, at *8 (W.D.N.Y. Mar. 13, 2018); *Marin v. Apple-Metro, Inc.*, 2020 WL 6157011, at *7-8 (E.D.N.Y. Oct. 21, 2020).

> As the New York County Supreme Court held in *Ahmed*:
>
> Labor Law was recently amended to protect employees from a mere technical violation of the notice provision, and that this amendment provides a complete

4

>defense to his minimum wage claim. Labor Law 198 (1-b) and (1-d) provide that, when an individual is not provided with the requisite notice, the employer will not be liable where the employee was always paid an amount equal to or above the minimum wage throughout his employment. In other words, if the employee suffered no actual injury as a result of not being given the notice, there is no liability.

54 Misc.3d 1220(A) at *6.

This decision was affirmed by the First Department (*see Ahmed*, 160 A.D.3d at 556) and has since been applied in this Circuit as well (*see Hicks*, 2018 WL 2440732 at *8; *Marin*, 2020 WL 6157011 at *7-8). Significantly, another court in this District -- in an action nearly identical to this one -- denied a motion for partial summary judgment by the plaintiffs-employees seeking a determination that the defendants-employers violated NYLL by failing to provide appropriate wage notices because the defendants-employers asserted the very affirmative defense Defendants seek to interpose now. *See Zivkovic*, 1:17-cv-00553-GHW (Dkt. No. 211). As such, it cannot be said that Defendants' proposed amendment is futile.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant leave to amend their Answer, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 4, 2022

McLAUGHLIN & STERN, LLP

By: /s/ Jason S. Giaimo
Jason S. Giaimo
Steven Kaplan
260 Madison Avenue
New York, New York 10016
(212) 448-1000
*Attorneys for Defendants*