# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone 212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |

July 20, 2022

**VIA ECF**

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square New York, NY 10007

        Re:    *Lopez, et al v. P E C Group Ltd., et al*, 21 CV 8806 (ER)

Dear Judge Ramos,

      We represent Plaintiffs Carlos Lopez, William Ramones and Jorge Molina ("Plaintiffs") in the above-referenced matter.  In accordance with Section 2.A.(ii) of the Court's Individual Practices, we write to request a premotion conference regarding Plaintiffs' anticipated motion for partial summary judgment.  As outlined below, the majority of Plaintiffs' minimum wage/tip credit claims, spread of hours claims, Wage Theft Prevention Act ("WTPA") claims, and frequency of pay claims, are ripe for summary adjudication. Plaintiffs' allegation that the individuals Defendants, Enzo Pezone and Patrizio Siddu are employers under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") are similarly ripe for summary adjudication. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

      As outlined in Plaintiffs' letter earlier today, Defendants P E C Group Ltd d/b/a Pepolino ("Pepolino"), Enzo Pezone and Patrizio Siddu (collectively "Defendants") own and operate a restaurant in Manhattan called Pepolino. Plaintiffs – who are former food service employees at the Restaurants – allege various violations of New York wage and hour laws on behalf of all tipped food-service employees employed at the restaurant since October 28, 2015.  Plaintiffs seek to move for summary judgment on the following issues:

        **A.**    **Defendants Siddu and Pezone are Employers under the FLSA and NYLL**

      "To determine whether a particular individual is an employer pursuant to the economic reality test for purposes of both the FLSA and NYLL, courts must consider the totality of the circumstances, and may depend on non-exhaustive factors including 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Morales v. Performance Master, Inc.*, 2022 U.S. Dist. LEXIS 93335, at *5 (S.D.N.Y. May 24, 2022)(Ramos J.) (citation omitted). Here, Defendants—who are the owners of Pepolino—admit that they performed all of these functions, and thus there is no doubt that they are employers under the FLSA and NYLL.[1]

### B.  Defendants Failed to Provide Written Notice of the Tip Credit

Under the NYDOL's regulatory scheme, "[a]n employer may take a credit towards the basic minimum hourly rate "if the employee has been notified of the tip credit as required in section 146-2.2" of the Hospitality Industry Wage Order. NYCRR § 146-1.3 (emphasis added). Section 146-2.2 of the Hospitality Industry Wage Order is titled "Written notice of pay rate, tip credit and pay day." NYCRR § 146-2.2 (emphasis added). It states that "an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate[…]" *Id*. § 146-2.2(a). "An employer who fails to provide the required notice is liable for the difference between the full minimum wage rate and what the employee was actually paid." *Salustio v. 106 Columbia Deli Corp.*, 2017 U.S. Dist. LEXIS 139477, at *31 (S.D.N.Y. Aug. 29, 2017).

The vast majority of courts have interpreted these provisions to mean exactly what they say: that, "as required in section 146-2.2," employers must provide employees with "written notice" before they may take advantage of the tip credit. *See, e.g., Hernandez v. JRPAC Inc.*, No. 14-cv-4176 (PAE), 2016 U.S. Dist. LEXIS 75430, at *81 (S.D.N.Y. June 9, 2016) ("Notice of the tip credit under the NYLL . . . must be written."). Here, unlike other cases where a defendant may have been partially or inconsistently complaint with these provisions, Defendants decidedly did not comply with the requirements of § 146-2.2 as they admit that they *never gave their employees wage rate notices at all* and thus they were never entitled to apply a tip credit.

Plaintiffs anticipate that Defendants will argue that they are entitled to an affirmative defense set for in NYLL § 198 which they contend, based on New York decisional law, provides a complete defense to Plaintiffs' and class members WTPA wage notice and NYLL "tip credit" wage claims where an employer makes "a complete and timely payments of wages." NYLL § 198. These arguments have no merit because (a) there is, in fact, no affirmative defense for failure to provide notice of the *tip credit*, and (b) as set forth below, Plaintiffs and potential class members did not receive the complete wages they were entitled to and, for the majority of the limitations period, also did not receive their wages in a timely fashion. Most significantly, with respect to the availability of the affirmative defense, Judge Woods—in the only decision in this District on this issue—recently clarified that this affirmative defense applies to violations of §

---

[1] An individual also need not meet these factors to be considered an employer if they exercise "operational control" over a company. Evidence of an individual's "authority over management, supervision, and oversight of [a company's affairs] in general" establishes operational control. *Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013). In making this analysis, factfinders consider whether the individual possesses an ownership interest in the corporation, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions. *Id*. Here, again, there is not dispute that Defendants meet all these requirements and thus this issue is ripe for summary adjudication.

195 only and does not extend to other notice violations. *See Zivkovic v. Laura Christy, LLC*, 2022 U.S. Dist. LEXIS 94839 (S.D.N.Y. May 26, 2022). Accordingly, because Defendants never provided Plaintiffs and potential class members with any notices and there are no defenses to these violations, summary judgment is applicable on Plaintiffs' tip credit claims.

### C.  Defendants Failed to Pay Spread of Hours Pay

Under New York law, employers must pay certain employees an extra hour's pay at the New York minimum wage when their "spread of hours" is more than 10 hours. NYCRR § 146-1.6. Defendants' records and testimony clearly establish that Plaintiffs and other tipped employees routinely worked shifts that entitled them to spread of hours pay, however, the undisputed facts in this case establish that Plaintiffs and putative class members were never paid any spread of hours pay. Accordingly, Plaintiffs are entitled to summary judgment that they are owed spread of hours pay.

### D.  Defendants Failed to Provide Any WTPA Wage Notices and Statements

Defendants were required to give Plaintiffs and other tipped employees "at the time of hiring" a written notice stating the details of how the employee would be paid. *See* NYLL § 195(1)(a). It is undisputed that Defendants never provided such statements. Defendants were also required to furnish Plaintiffs and other tipped employees with written statements accompanying every payment of wages listing, among other things, "deductions; allowances, if any, claimed as part of the minimum wage." NYLL § 195(3). Although Defendants provided paystubs, the paystubs failed to list the tip credit allowances Defendants were claiming against the minimum wage. Thus, the paystubs did not comply with NYLL § 195(3).

### E.  Defendants Were Not Entitled to Pay Tipped Employees Bi-Weekly

NYLL § 191(1)(a) provides that employees who perform manual labor must be paid on a weekly basis. There is no dispute that employees who work as food-service employees are performing physical work covered by § 191. In fact, the New York State Department of Labor ("DOL") explicitly provides that "wait staff […] are classified as 'manual workers' under Article 6 of the Labor Law and, as such, they must be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned unless authorized by the Commissioner of Labor. (*See* DOL letter attached hereto as "Exhibit A.") Here, the undisputed facts are that, until the COVID-19 shutdown in March 2020, Defendants paid all food-service employees on a weekly basis. Accordingly, summary judgment as to liability on these claims is ripe for adjudication.

Accordingly, Plaintiffs respectfully request that a pre-motion conference be held concerning Plaintiffs' anticipated motion for class certification. Plaintiffs are prepared to address the issues discussed herein at the July 22, 2022 conference or at another conference to be scheduled at the Court's convenience.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/*Josef Nussbaum*
Josef Nussbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640


cc: All Counsel of Record (via ECF)