UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS LOPEZ, a/k/a NERI LOPEZ, WILLIAM RAMONES, and JORGE MOLINA, on behalf of themselves and others similarly situated,

    Plaintiff,

 v.

P E C GROUP LTD, d/b/a PEPOLINO RISTORANTE ITALIANO (a/k/a PEPOLINO), PATRIZIO SIDDU, and ENZO PEZONE,

    Defendants.

1:21-CV-8806-ER

## [PROPOSED] FINAL ORDER AND JUDGMENT

The Court, having considered the parties' Settlement Agreement and Release dated September 20, 2022 ("Agreement" or "Settlement") and all other materials properly before the Court, and having conducted an inquiry pursuant to Rule 23 of the Federal Rules of Civil Procedure, hereby finds and orders as follows:

 1. Unless otherwise defined herein, all capitalized terms used in this Order (the "Final Order") will have the same meaning as defined in the Agreement.

 2. The Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Class Members (collectively the "Plaintiffs"), P.E.C. Group Ltd. ("Pepolino"), Patrizio Siddu, and Enzo Pezone (Pepolino, Siddu and Pezone are referred to collectively herein as "Defendants," and collectively with Plaintiffs, the "Parties").

 3. The Court finds that the Settlement was the product of arms-length negotiations between experienced counsel. The Court grants final approval of the Settlement, including the releases and other terms, as fair, reasonable, and adequate as to the Parties and the Class Members

(collectively, the "Settling Parties"). The Settling Parties are directed to perform in accordance with the terms set forth in the Agreement.

4. The Court finds, for settlement purposes only, that the NYLL Class satisfies the applicable standard for certification under Fed. R. Civ. P. 23.

5. The Court finds that the procedures for notifying the Class Members about the Settlement, including the Class Notice and related documents, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

6. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $318,766.79 for attorneys' fees and $8,699.62 for reimbursement of litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of this case.

7. The service awards of $5,000 for each Named Plaintiffs/Class Representatives Carlos Lopez, William Ramones, and Jorge Molina are approved to reimburse them for their unique services in initiating and maintaining this litigation.

8. The Court awards the Claims Administrator its reasonable costs in administering the Settlement, subject to Class Counsel's review of the Claims Administrator's invoices, to be paid out of the Settlement Fund.

9. The action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs, and all other Class Members who have not opted out from filing, commencing,

prosecuting, or pursuing the claims Released by the Agreement whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

10. Without affecting the finality of this Final Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

11. This dismissal with prejudice shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: _____May 16_____ , 2023

_____
Edgardo Ramos, U.S.D.J.